DREW, Chief Justice
(dissenting).
It is written in Black, Rescission and Cancellation, 2nd Edition, Section 525, page 1291:
“To effect a rescission by subsequent mutual agreement, it is necessary that the contract to rescind should receive the free and understanding consent of both or all the parties to the original contract. Just as in the making of a contract, so in a negotiation for its abrogation or termination, there must be a meeting of the minds of the parties in respect to the proposition that it shall be cancelled and also in respect to any terms or' conditions upon which the rescission is to be predicated”.
After discussing the background of the transaction which had extended over a long period of time, the attorney for the purchaser stated in the letter of November 8, 1954, “if it is your client’s intention to rescind the transaction then the deposit of $200.00 should be returned.” The letter continues further to discuss the original transaction and concludes by requesting information as to whether the seller’s attorney, to whom the letter was directed, had a copy of the original agreement. I cannot construe the language quoted above as being an offer by the purchaser to the seller of the privilege to rescind, as the opinion of Justice THOMAS holds. Nor am I persuaded that the affidavits and exhibits considered on the motion for summary final decree below establish a contract showing “the free and understanding consent” of both the purchaser and seller nor can I conclude that there was a meeting of the minds of the parties with respect to a cancellation. It is my view that the cause should be reversed with directions to set aside the summary final decree and for further proceedings consistent with these views.
ROBERTS and O’CONNELL, JJ., concur.